An appeal does not lie from the Common Pleas to the Supreme Court. The act of 11th *March* 1809, which authorizes *appeals and writs of error from and to the courts of the several counties, means that causes shall be removed by one or the other mode, according to the course of proceeding in the respective courts, namely, by appeal from the Register's Court and Orphan's Court, and by writ of error from the Quarter Sessions and Common Pleas.*

## Lessee of M'CLEMMONS *against* GRAHAM.

THE defendant removed the proceedings in this cause from the Common Pleas of *Butler* county to this court, by appeal; and a motion was now made by *Baldwin* for the plaintiff to quash the appeal.

*A. W. Foster* for the defendant contended that an appeal was given by the 6th section of the act of 11th *March* 1809, which enacts " that appeals and writs of error may be had " and may issue to and from the Supreme Court of the pro- " per district, from and to the courts of the several counties " &c." 9 *St. Laws* 38.

This language he said was sufficiently comprehensive to give the party the option of taking a writ of error, or entering an appeal, accordingly as the error of the proceeding below appeared upon the record, or was extrinsic to it; and such an option might be presumed to have been intentionally given by the legislature, because the same law abolished the Circuit Court, from which it was well known that by the act of 20th *March* 1799, appeals lay to the Supreme Court from almost every decision which a judge of the Circuit Court could make. There was an obvious propriety in preserving to a suitor whose cause was transferred by the act of 1809 from the Circuit Court to the Common Pleas, all the remedies he had enjoyed prior to that law.

*Baldwin* in reply answered that the omission of the act of 1809 to give an appeal from the Common Pleas in express terms, was of itself fatal to the proceeding, because the legislature had the precedent of an express grant of that remedy by the Circuit Court law. They had on the contrary spoken of all the courts and of both the remedies in general terms,

without apportioning to the respective courts their peculiar proceeding, leaving that to be done according to the course previously followed in those courts—namely a writ of error to the Common Pleas, and an appeal from the Orphan's and Register's Courts. An appeal from the Common Pleas would be attended with insuperable difficulty; for the evidence being generally parol, it would be impossible to bring it into the Supreme Court upon a rehearing. In the Circuit Court law that difficulty did not exist, because the judge of the Circuit Court was at the same time a judge of this court.

TILGHMAN C. J. The defendant entered an appeal from the judgment of the court of Common Pleas of *Butler* county, and the cause comes before us on a motion by the plaintiff to quash the appeal. This is the first instance of an appeal from the court of Common Pleas. The only mode of correcting errors has been by suing out a writ of error. The defendant endeavours to support his appeal on the act of 11th *March* 1809, intitled, a further supplement to an act, intitled, " An " act to alter the judiciary system of this commonwealth." By the 6th section of this act it is enacted, that "appeals and writs " of error may be had, and may issue to and from the Supreme " Court of the proper district, from and to the courts of the " several counties." At the time of making this law, there were some courts in the several counties, namely, the Orphan's Court and Register's Court, from which an appeal lay to the Supreme Court; and there were other courts of the several counties, namely, the court of Common Pleas and Quarter Sessions, to which writs of error were issued by the Supreme Court. The natural construction therefore of the clause in question, is, that causes may be removed from the courts of the several counties to the Supreme Court, by appeal, or by writ of error, according to the usual course of proceeding in the respective courts. There is a very great difference between proceedings on writs of error and appeals. In the former, matters of law only are examinable. In the latter, matters of fact. And it is the idea of the defendant's counsel, that on the appeal, the court may go into consideration of the evidence given to the jury, and order a new trial, should they be of opinion, that the verdict was against the weight of

VOL. III.                    M

*Margin:* 1810. Lessee of M'CLEMMONS *v.* GRAHAM.

the evidence. But how are this court to know the parol evi-dence offered to the jury? By the notes of the judge, who tried the cause, it is answered. And these notes are now laid before the court, although they are certainly no part of the record. Had the legislature intended so important an alte-ration in the trial by jury, they certainly would have express-ed their intention explicitly. Indeed if the matter rested solely on the words of the act, without reference to any other act, I do not suppose the construction now contended for would have been thought of. But another act has been in-troduced in order to throw light on the subject. I allude to the act of 20th *March* 1799, by virtue of which one or more of the judges of the Supreme Court, held a court called a Circuit Court in each county, except the county of *Philadel-phia*, instead of a court of *Nisi Prius*. By the fourth section of this last act, an appeal lay from the Circuit Court to the Supreme Court, if either party was dissatisfied with the opinion of the Circuit Court " on any demurrer, special ver-" dict, case stated, point reserved for the consideration of " the court on the trial, motion in arrest of judgment, or for " new trial, or to set aside a judgment, discontinuance, or " nonpros." In fact those Circuit Courts partook in great measure of the nature of courts of Nisi Prius, and upon the hearing of the appeal, the notes of the judge were resorted to in the same manner, as on motions in bank, after trials at Nisi Prius. This was very convenient. But the same system would be extremely inconvenient, if applied to the courts of Common Pleas, because the judges of those courts cannot attend the Supreme Court, to afford explanations, and to correct inaccu-racies and imperfections, which often occur in the notes of men the most able and experienced. Those Circuit Courts were abolished by the act now under consideration. But the coun-sel for the defendant supposes, that the object of the clause on which he founds his appeal, was, to give an appeal from the Common Pleas in all cases in which it lay from the Circuit Court. I cannot agree with him. Had such been the object, I must think, that some proper words would have been intro-duced to attain it. The Circuit Courts were abolished. It was seen that while they existed, appeals of an extraordinary nature lay from them to the Supreme Court, yet nothing is

said of those cases, in the law which abolished the Circuit Courts. It is only declared in general terms, that appeals and writs of error shall lie from the courts of the several counties to the Supreme Court. The conclusion is strong, that it was the intention of the legislature to place appeals and writs of error on the same footing that they were before the Circuit Courts existed.

I am therefore of opinion, that no appeal lies in this case, and that the motion of the plaintiff's counsel should be granted.

YEATES J. and BRACKENRIDGE J. concurred.

Appeal quashed.